UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAUNDRY, DRY CLEANING WORKERS &
ALLIED INDUSTRIES HEALTH FUND,
UNITE HERE!, et al.,

                Petitioners,                    **REPORT AND**
                                                            **RECOMMENDATION**

        -against-                                 08-CV-2771 (DLI)

**JUNG SUN LAUNDRY GROUP CORP.,**

                Respondent.
------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Petitioners Laundry, Dry Cleaning Workers and Allied Industries Health Fund, Unite Here! and Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, Unite Here! (collectively, "the Funds") commenced this action on July 11, 2008, seeking confirmation of an arbitration award against respondent Jung Sun Laundry Group Corp. ("Jung Sun"). Jung Sun failed to respond to the complaint and, on August 25, 2008, the Funds filed a motion for default judgment and the Clerk of the Court noted Jung Sun's default. On September 3, 2008, the Honorable Dora Lizette Irizarry referred the matter to the undersigned magistrate judge for a Report and Recommendation on whether the Funds' motion for default judgment should be granted and, if so, for an inquest on damages. For the reasons that follow, this Court respectfully recommends that the Funds' motion for default judgment not be granted, that the motion instead be treated as one for summary judgment, that the arbitration award be confirmed, and that judgment be entered against Jung Sun for damages and litigation costs in the amount of $30,423.76, plus prejudgment interest.

## BACKGROUND

This case arises out of a dispute concerning unpaid employee benefit contributions. The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), see 29 U.S.C. § 1002(3), and were established pursuant to an Agreement and Declaration of Trust and by a Collective Bargaining Agreement ("the CBA") between the Laundry, Dry Cleaning and Allied Workers Joint Board, Unite Here! ("the Union") and employers engaged in the dry cleaning and dyeing industry. Pet'r Pet. to Confirm Arbitration Award ("Confirmation Pet."), ECF Docket Entry ("D.E.") # 8, Ex. A ¶ 2. Jung Sun is one of those employers, and is party to the CBA with the Union, as modified by a stipulation entered into between the parties on November 27, 2006. See id. ¶ 3; Stipulation between the Union and Jung Sun (Nov. 27, 2006) ("11/27/06 Stip."), D.E. # 8, Ex. A(B); CBA, D.E # 8, Ex. A(B).[1]

Pursuant to the CBA, Jung Sun is obligated to contribute to the Funds in amounts based upon stated percentages of its gross payroll. See Confirmation Pet. ¶ 3; 11/27/06 Stip. ¶ 4; CBA Art. 20 & Ex.A - Ex. B, pp. 31-32, 60-70. The Funds allege that Jung Sun failed to make contributions for the period from March 8, 2008 through May 31, 2008, resulting in a delinquency in the amount of $70,471.44. See Confirmation Pet. ¶ 4. The Funds additionally allege that Jung Sun owes premiums on behalf of eligible spouses of covered employees for the

---

[1] Exhibit A to the Funds' Affidavit in Support of Entry of Default Judgment (D.E. # 8) contains several sub-exhibits. Both the CBA and the November 2006 stipulation extending and modifying the CBA are included in sub-exhibit B to Exhibit A ("Exhibit A(B)"). Also included in Exhibit A(B) are correspondence between Jung Sun and the Union and a list of employers, including Jung Sun, that are party to the CBA. Although Exhibit A(B) contains several documents, it is not divided into further sub-exhibits.

period from January 19, 2008 through May 31, 2008, resulting in a delinquency in the amount of $950.00.  See id. ¶ 5.

The CBA requires that all disputes between Jung Sun and the Union over unpaid contributions be resolved through arbitration.  See id. ¶ 6; CBA Art. 35, pp. 48-50.  Accordingly, on May 6, 2008, the Funds served Jung Sun with a Notice of Intention to Arbitrate ("the Notice"), with the arbitration hearing set for June 17, 2008 at 11:30 a.m.  See Notice, D.E. # 8, Ex. A(D).  On that same date, the Funds served Jung Sun with a subpoena directing it to produce its payroll records at the arbitration hearing, so that the exact amount of the unpaid contributions could be calculated.  See Subpoena Duces Tecum, D.E. # 8, Ex. A(C).

Jung Sun failed to appear at the arbitration hearing, and did not respond to the subpoena.  See Confirmation Pet. ¶ 7.  The Funds appeared at the hearing on the scheduled date, and presented the arbitrator with evidence including (1) the CBA; (2) a summary of the unpaid contributions sought in the arbitration; (3) the Notice; and (4) the subpoena.  See id. ¶ 8.  In addition to unpaid contributions, the Funds sought, in accordance with the Funds' Plan Rules, (1) interest at the rate of 18 percent on all sums due; (2) liquidated damages equal to 20 percent of the unpaid contributions; and (3) attorneys' fees, audit fees and costs.  See id.; Plan Rules, D.E. # 8, Ex. A(F) ¶ 6.

After considering the evidence, the arbitrator awarded the Funds $70,471.44 for delinquent contributions, plus $1,937.96 in interest and $14,094.29 in liquidated damages on

those contributions;[2] $950.00 for delinquent premiums owed on behalf of eligible spouses of covered employees, plus $37.50 in interest on those premiums; and $132.00 in fees and costs, for a total award of $87,623.19. See F&A, at 3. The arbitrator further ordered Jung Sun to comply with the subpoena, and to produce all of its payroll records for examination by the Funds. See id. at 4.

The Funds filed this civil action on July 11, 2008, seeking to enforce their rights under Section 515 of ERISA through confirmation of the arbitration award.[3] As evidenced by an Affidavit of Service, the Funds served Jung Sun with a copy of the Summons and Petition on July 29, 2008. See 7/29/08 Affidavit of Service, D.E. # 5.

On August 25, 2008, following Jung Sun's failure to timely answer or otherwise respond to the Petition, the Funds filed a motion for default judgment, see Pet'r Mot. for Default, D.E. # 6, and the Clerk of the Court noted Jung Sun's default. See 8/25/08 Entry of Default. Thereafter, Judge Irizarry referred the matter to the undersigned magistrate judge for a Report and Recommendation on whether the Funds' motion should be granted and, if so, for an inquest on damages.

---

[2] In addition to the Funds' Plan Rules, the arbitrator determined that interest and liquidated damages on the unpaid contributions were both mandated by Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2)(B)-(C). See Findings & Award ("F&A"), D.E. # 8, Ex. A(A), at 3.

[3] Section 515 of ERISA requires employers who are obligated to make contributions to a multiemployer plan under the terms of a collective bargaining agreement to make those contributions in accordance with the terms and conditions of the agreement. See 29 U.S.C. § 1145. Jung Sun is party to a collective bargaining agreement with the Funds that obligates it to make contributions to a multiemployer plan and, as such, must comply with the requirements of Section 515 of ERISA. See infra n.4.

**DISCUSSION**

**I. Appropriateness of Default Judgment**

The Second Circuit has held that default judgments are generally inappropriate in proceedings to confirm an arbitration award. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006); see also Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc., 535 F.Supp.2d 426, 428-29 (S.D.N.Y. 2008); Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here! v. Stainless Partners, Inc., Nos. O7-CV-3542 (CPS)(JO), 07-CV-3545 (CPS)(RML), 2007 WL 3232260, at *2 (E.D.N.Y. Oct. 31, 2007). Because a petition to confirm an arbitration award is typically accompanied by a record, "rather than only the allegations of one party found in complaints, the judgment the court enters should be based on the record." D.H. Blair, 462 F.3d at 109. Accordingly, "the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." Id. As in the summary judgment context,

> the lack of a response [to a petition to confirm an arbitration award] does not justify a default judgment because, even where a non-moving party fails to respond . . ., a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."

Id. at 109-10 (quoting Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)). The lack of a response does, however, weigh against the non-moving party. See id. at 109.

Here, the distinction between moving for default judgment and moving for summary judgment is somewhat academic, because Jung Sun did not contest the Funds' claims at the arbitration hearing. See Trs. of the UNITE HERE Nat'l Health Fund v. New Age Intimates,

Inc., No. 07-CV-2892 (RRM)(CLP), 2008 WL 3833841, at *4 (E.D.N.Y. Aug. 14, 2008). This case, therefore, presents a factual scenario in which the concerns underlying the Second Circuit's admonition against granting default judgments in confirmation proceedings are not necessarily germane. Indeed, other courts in this district have held that default judgment is appropriate, despite the Second Circuit's pronouncement in D.H. Blair, where the respondent failed to respond or otherwise appear at both the arbitration hearing *and* the subsequent confirmation proceeding. See id.

Nevertheless, the Funds are in the unique position of having previously litigated a case against Jung Sun in which Jung Sun likewise failed to appear at both the arbitration hearing and the subsequent confirmation proceeding. See Stainless Partners, 2007 WL 3232260, at *1-2. After the Funds moved for default judgment in that case, the Honorable Charles P. Sifton denied the Funds' motion, converted the motion into one for summary judgment, and confirmed the arbitration award. See id. at *1-3. Thus, the Funds were on notice in this case that they should have moved for summary judgment, and not for default.

Whatever the applicability of the Second Circuit's holding in D.H. Blair, the Funds' prior litigation history with Jung Sun cautions against granting the Funds' motion for default judgment. Cf. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) ("[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party."). Here, the Funds' petition is accompanied by a record, including, among other documents, the Notice, the arbitration award decision, and the CBA. Accordingly, this Court respectfully recommends that the Funds' motion for default judgment not be granted,

and that the petition and the accompanying record be construed as a motion for summary judgment to confirm the arbitration award. See JY Apparels, 535 F.Supp.2d at 428-29.

**II. Summary Judgment**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may not be granted unless the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "In determining whether there is a genuine issue of material fact, the court must resolve all ambiguities, and draw all inferences, against the moving party." Sista v. CDC Ixis N.A., Inc., 445 F.3d 161, 169 (2d Cir. 2006) (citations omitted).

Ordinarily, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984) (citation omitted). "'[T]here is no general requirement that arbitrators explain the reasons for their award[.]'" Landy Michaels Realty Corp. v. SEIU, 954 F.2d 794, 797 (2d Cir. 1992) (quoting Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1214 (2d Cir. 1972)). Accordingly, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" Id. (quoting Andros Compania Maritima, S.A. v. Marc Rich & Co., 579 F.2d 691, 704 (2d Cir. 1978)). The award must be confirmed "unless the opposing

party shows that the award was based on a manifest disregard for the law[,]" JY Apparels, 535 F.Supp.2d at 429 (citing Wilko v. Swan, 346 U.S. 427, 436-37 (1953)), and "the showing required to avoid confirmation is very high." D.H. Blair, 462 F.3d at 110 (citing Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997)).

Here, the Funds have met their burden of demonstrating that there are no genuine issues of material fact and that, concomitantly, the arbitration award should be confirmed as a matter of law. In support of his findings, the arbitrator relied on the CBA, a summary of delinquent contributions provided by the Funds, the Notice, and the subpoena. See F&A, at 2 n.1. The arbitrator found that the CBA requires Jung Sun to make regular contributions to the Funds, in an amount based upon a stated percentage of its payroll. See id. at 2.[4] Based upon the evidence available to him, the arbitrator concluded that Jung Sun failed to make the contributions and premium payments sought by the Funds, and that "demand for payment was duly made and refused . . . ." Id.

Having reviewed the above-mentioned evidence, the arbitrator held that Jung Sun owed

---

[4] Because Jung Sun did not dispute the making of the CBA within 20 days after service of the Notice, the arbitrator concluded that, consistent with the Notice, Jung Sun was precluded from putting the making of the CBA in issue. See F&A, at 1. Even if Jung Sun had challenged the making of the CBA, however, the Funds have submitted letters from agents of Jung Sun to the Union demonstrating Jung Sun's intention to be bound. In one of those letters, Tony Yang, the president of Jung Sun, confirmed, following the transfer of ownership of Jung Sun to him, that Jung Sun intended to assume the CBA between Jung Sun and the Union through November 27, 2009. See Letter from Tony Yang, President of Jung Sun, to Wilfredo Laurencant (Mar. 11, 2008), D.E. # 8, Ex. A(B). See also 11/27/06 Stip. ¶ 1 (extending the CBA, as modified, through November 27, 2009).

the Funds a total of $87,623.19,[5] representing unpaid contributions, including interest and liquidated damages on those contributions; delinquent premiums owed on behalf of eligible spouses of covered employees, including interest on those premiums; and attorneys' fees, audit fees, and costs. See id. at 3. After entry of the arbitration award, Jung Sun made payments to the Funds totaling $57,549.43 in partial satisfaction of the award, leaving an outstanding balance of $30,073.76. See 2/18/09 Pet'r Status Report, D.E. # 14, ¶¶ 3-6.

Having reviewed the petition and accompanying record, this Court concludes that, consistent with the arbitrator's findings, the CBA, as modified, provides that Jung Sun is to regularly make contributions to the Funds, in an amount based upon a stated percentage of its payroll. See 11/27/06 Stip. ¶ 4; CBA Art. 20 & Ex. A - Ex. B, pp. 31-32, 60-70. The CBA further provides that all disputes between the parties concerning unpaid contributions are to be submitted to binding arbitration. See id. Art. 35, pp. 48-50. Based upon an independent review of the Funds' summary of delinquent contributions, see Summary of Delinquencies, D.E. # 8, Ex. A(E), and Jung Sun's failure to contest the Funds' allegations concerning its delinquency, this Court concludes that neither the finding of delinquency nor the accompanying award was based on a manifest disregard for the law.

In sum, the arbitrator's reasoned findings provide more than a "barely colorable justification for the outcome reached." Landy Michaels Realty Corp., 954 F.2d at 797 (internal quotation marks and citation omitted). Moreover, Jung Sun has made no showing to

---

[5] Because Jung Sun failed to comply with the subpoena, the arbitrator was constrained to rely on the Fund's summary of delinquent contributions, as opposed to Jung Sun's actual payroll records, in calculating the arbitration award. See F&A, at 2.

the contrary, which tilts the balance in favor of the Funds in this case.[6] Cf. D.H. Blair, 462 F.3d at 109 (noting that the failure to respond to a motion to confirm an arbitration award weighs against the non-moving party). Accordingly, having construed the Funds' motion for default judgment as a motion for summary judgment to confirm the arbitration award, this Court respectfully recommends that the award be confirmed, and that judgment be entered against Jung Sun in the amount of $30,073.76.

**III. Other Relief**

In addition to confirmation of the arbitration award, the Funds request prejudgment interest and the costs associated with this action. See Pet'r Aff. in Support of Interest and Costs ("Interest & Costs Aff."), D.E. # 9, ¶¶ 4-6. For the reasons that follow, this Court respectfully recommends that both requests be granted.

**A. Prejudgment Interest**

In any action to enforce Section 515 of ERISA, "the court shall award . . . interest on unpaid contributions[.]" 29 U.S.C. § 1132(g)(2)(B). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan . . . ." Id. § 1132(g)(2).

The Funds' Plan Rules set the rate of interest on delinquent contributions at 18 percent, with interest accruing "from the date upon which the obligation first became delinquent." See Plan Rules, D.E. # 8, Ex. A(F) ¶ 6. Because 18 percent is the rate provided by the Funds' Plan Rules, interest should be calculated in accordance with that rate. See 29 U.S.C. § 1132(g)(2); see also Stainless Partners, 2007 WL 3232260, at *4 (citations omitted).

---

[6] Indeed, apparently recognizing its liability, Jung Sun has made partial payments to reduce the award. See 2/18/09 Pet'r Status Report, D.E. # 14, ¶¶ 3-6.

The Funds request an award of interest in the amount of $1,952.60, representing interest at the rate of 18 percent on Jung Sun's outstanding contributions from June 18, 2008, the day after the arbitration award was entered,[7] through August 31, 2008. Interests & Costs Aff. ¶ 5. In a prior submission, however, the Funds requested prejudgment interest "from the date of the arbitration award to the date of judgment[.]" See Pet'r Mem. of Law, D.E. # 4, at 5. Consistent with that request, the Funds are in fact entitled to prejudgment interest on the unpaid contributions from the date of the arbitration award through the entry of final judgment in this case. See New Age Intimates, 2008 WL 3833841, at *7. Accordingly, with the rate of interest set at 18 percent, the Funds are entitled to prejudgment interest on their award of $30,073.76 in the amount of $14.83 per day for the period from June 17, 2008, the date of the arbitration award, through entry of final judgment in this case.[8]

---

[7] The arbitrator's award included prejudgment interest accrued through the date of the award. See F&A, at 3. The arbitrator represented that he calculated that interest at the rate of 18 percent per year, consistent with ERISA and the Funds' Plan Rules; a review of the record, however, reveals that he in fact calculated interest at the rate of 1.5% per year, consistent with the Funds' summary of delinquent contributions. Compare F&A, at 3 (directing Jung Sun to pay the Funds interest on the unpaid contributions at the rate of 18 percent per year); Plan Rules, D.E. # 8, Ex. A(F) ¶ 6 (setting the rate of interest on unpaid contributions at 18 percent per year), with F&A, at 3 (awarding interest in the amount of $1,937.96); Summary of Delinquencies, D.E. # 8, Ex. A(E) (setting interest at the rate of 1.5% per year and requesting interest in the amount of $1,937.96). Although the arbitrator erred in calculating the interest due on the unpaid contributions, the Funds have not challenged his calculations. Accordingly, this Court will not disturb the arbitrator's award of interest through the date of the arbitration award.

[8] Under ERISA, the Funds would not be entitled to prejudgment interest on those portions of the arbitration award representing interest, liquidated damages, fees or costs. Cf. 29 U.S.C. § 1132(g)(2)(B) ("[T]he court shall award . . . interest on unpaid contributions[.]"). Accordingly, this Court's recommendation concerning prejudgment interest assumes that the $30,073.76 outstanding on the arbitration award is all attributable to unpaid contributions.

**B. Costs**

In most civil suits, "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also 28 U.S.C. § 1920 (listing expenses qualifying as costs). In actions to enforce Section 515 of ERISA, an award for costs is mandatory. See 29 U.S.C. § 1132(g)(2)(D). Accordingly, "[c]ourts routinely make awards [for costs] pursuant to [ERISA] in confirmation proceedings." Stainless Partners, 2007 WL 3232260, at *4 (collecting cases).

The Funds have submitted a statement of damages including costs and disbursements totaling $350.00,[9] all attributable to filing fees. See Pet'r Statement of Damages, D.E. # 8, Ex. D; Interest & Costs Aff. Ex. B. Having reviewed the Funds' submissions, this Court is satisfied that the costs and disbursements are reasonable, and that all are attributable to the prosecution of this case. Accordingly, costs should be awarded to petitioners in the amount of $350.00.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Funds' motion for a default judgment not be granted, that that motion be treated as one for summary judgment, that the arbitration award be confirmed, and that judgment be entered against Jung Sun for damages and litigation costs in the amount of $30,423.76, plus prejudgment interest at the rate of 18 percent per year and post-judgment interest calculated in accordance with 28

---

[9] The Funds do not seek an award of attorneys' fees, except for the $100 included in the arbitrator's award. See Interest & Costs Aff. ¶ 2.

U.S.C. § 1916(a).

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Dora Lizette Irizarry on or before March 12, 2009. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system, and to send a copy to Jung Sun, via Federal Express, at the following address:

>Jung Sun Laundry Group Corp.
>37-10 24th Street
>Long Island City, NY 11101
>>Attn: Tony Yang and/or Steven Moy

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
              **February 25, 2009**

                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**